A. F. ANDRE v. WILLIAM MORROW.

CONTRACT.  *Damages for breach of.  Recoupment against note.  Case in judgment.*
M. and A. contracted that A. should be the sole agent in the town of C. for the sale of wagons made by M.; at the same time, and as a part of this contract, A. executed his promissary note for the purchase money of certain wagons furnished by M. and to be sold by A. as agent.  Afterward, M. sued A. on this note.  A. pleaded that M. had, in disregard of his contract, sold and furnished his wagons to others in the town of C., whereby A. was prevented from selling any of the wagons furnished him, at a profit.  M. demurred to this plea.  *Held*, that the demurrer ought to have been overruled.  The note and contract were not so disconnected as to debar the defendant from recouping against the former the damages resulting from the breach of the latter; and such damages are not impossible of ascertainment, or of a character not recognized by law.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

This is an action of assumpsit, brought by William Morrow, surviving member of the firm of Cherry, O'Connor & Co., against A. F. Andre, to recover on a certain promissory note executed by Andre, in favor of Cherry, O'Connor & Co., on Feb. 7, 1885, for $300.

The defendant pleaded three several pleas; the third plea was demurred to, and the demurrer sustained : whereupon, the court permitted the defendant to file a plea which averred :

"That, on Feb. 5, 1885, the plaintiff (the payee in said note sued on) and defendant entered into a contract that defendant was to sell wagons manufactured by plaintiffs, as their sole agent at Crystal Springs, Miss.; and that said plaintiffs or their successors should not sell or furnish wagons of their manufacture to any other dealer or agent at Crystal Springs, Miss., so long as defendant should have on hand wagons of said manufacture; and that the note sued on was given at the time of said contract, and as part thereof, for wagons furnished by plaintiffs to defendant, to be sold by him as such sole agent under said contract; that plaintiffs disregarded said contract, and did sell and furnish wagons manufactured by plaintiffs or their successors to J. C. Smith and other dealers and agents at Crystal Springs, Miss.; thereby causing such competition in the sale of said wagons at said Crystal Springs that defendant was unable to sell any wagons of said manufacture at said Crystal Springs at any profit whatever. Wherefore defendant says he is damaged in the sum of five hundred dollars."

The plaintiff demurred to this plea on the grounds (1) that it was no defence to the action; (2) that the facts averred showed that the contract sued on, and the one set up by defendant for violation of which his damages are averred to have resulted, are independent and not connected with each other; and that no damages for a breach of such independent contract can be recouped in reduction of the claim sued on; that the damages claimed are not shown to be the natural and proximate results of the breach, nor are they such as it would be admissible to sustain by evidence. The demurrer was sustained.

Issue having been joined on the other pleas, a trial was had, and there was judgment for the plaintiff. The defendant appealed.

*H. C. Conn*, for the appellant.

I call the attention of the Court to the last plea.

The causes assigned for demurrer to this plea are that the facts averred show that the contract sued on, and the one set up and for violation of which damages are averred to have resulted, are independent and not connected with each other, etc., and that the damages claimed are not shown to be the proximate result of the breach; nor are they such as it would be admissible to sustain by evidence.

If it can be said of this case that the note sued on, and the balance of the contract constituting its consideration are independent, one of the other, then every contract between two parties, under which each assumes an obligation one to the other, constitutes the obligation of each a separate contract.

The first case cited settles beyond dispute that question. *Myers* v. *Estell*, 47 Miss., 4. If the demurrer is good and should have been sustained, that certainly is not the ground upon which it should stand. See Waterman on Set-off, sec. 423, 452; *Kiernan* v. *Germain*, 61 Miss., 503.

The damages claimed are alleged to be the result of the breach complained of, and I submit that from the face of the plea the damages claimed are the direct natural and inevitable result of the breach.

What was the purpose of the contract set out in the plea? Manifestly it could have had no other than the purpose to give defendant the benefit of the sale of all wagons of that manufacture sold at Crystal Springs, the profit arising therefrom, and it necessarily follows that all sales or profits lost by a breach of the contract *naturally* and *directly* follow as the direct and natural result.

A mere statement of the contract and the breach suggest to the mind the damage in loss of profits on sales.

*H. Cassedy* and *Nugent & McWillie*, for the appellee.

Although the plea is somewhat *loose* and *involved*, we see through the confused mode of expression that there are two

things which are said to have occurred, one of which was a sale outright to the defendant of a certain number of wagons, at a stipulated price, which he agreed to pay, at a time specified, the profits on sale whereof were to ennure to him alone; the other, an agreement not to sell to any other dealer at Crystal Springs until the defendant had disposed of his lot.   It is true the plea says, that defendant was to be the agent at Crystal Springs for the sale of plaintiff's wagons, but the plea nowhere denies that the sale was not an absolute one, and concedes that the wagons were bought by the defendant for his own account, and that he was to sell them for his own account and have all the profits arising from such sales.   If the allegation of agency is considered at all, it makes the plea so contradictory and uncertain as to be demurrable for that reason, and we can only treat it as averring a sale and an agreement not to sell to any other dealer during the period stated which would seem to be distinct and independent transactions.   Sedgwick on Meas. Dam., p. 505; *Taylor* v. *Hardin*, 38 Ga., 577; 40 Am. Dec., 322 (cases cited in note); *Myers* v. *Estell*, 47 Miss., 18.

The damages claimed are also too remote, speculative and uncertain.   This is not the case of a failure to furnish goods for resale, for here the goods bought were furnished and there is no complaint of delay in receiving them, and none of their quality and condition when received.   The only complaint is, that the plaintiff sold other dealers in the same locality, and that presumably, for it is not distinctly alleged, the defendant's profits were decreased by competition.   Damages are not recoverable unless they are the natural and proximate result of the act complained of, nor unless they are of such a nature as to admit of definite ascertainment.

The damages must not depend on "the chances of trade," as in the case at bar, but on facts susceptible of definite proof.

*Griffin* v. *Colver*, 16 N. Y., 494; Sedgwick on Meas. Dam., p. 71; 42 Am. Dec., p. 48 (cases cited in note); Sutherland on Dam., Vol. I, pages 32, 48–109, 110, 111.

CAMPBELL, J., delivered the opinion of the Court.

The demurrer to the last plea of the defendant should have

been overruled. The contract averred by it was not an independent one, so disconnected with the note sued on as to debar the defendant from recouping damages. The breach and damages occurred subsequent to the making of the contract, of course; but that is no reason for denial of the right of recoupment.

It is impossible to affirm that the defendant did not sustain damages capable of ascertainment and of a character recognized by law resulting from the breach of the contract alleged by the plea. It is not necessary to consider of speculative profits. There may be a legitimate basis for estimating damages. If there was such a contract as averred and its breach, and Andre, in consequence, sold the wagons at cost, the commissions for selling as he had before done, may furnish a criterion for estimating damages. The substantial sufficiency of the plea is the only question raised by the demurrer or considered by us.

*Reversed, demurrer to plea overruled, and cause remanded for further proceedings.*